UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOMTAZ TAWFIK,

    Plaintiff,

v.

BAC HOME LOANS SERVICING, LP,

    Defendant.
_____/

CASE NO. 11-12590

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)**

Before the Court is Defendant BAC Home Loans Servicing, LP's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Doc. No. 4). The Court has reviewed all the filings relevant to this motion and finds oral argument will not aid in the resolution of this dispute. See E. D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendant's motion.

**I. FACTUAL ALLEGATIONS**

Plaintiff Momtaz Tawfik entered into a mortgage loan with nonparty, Countrywide Home Loans, Inc., on February 28, 2005, to purchase property located at 35446 Grant St. New Baltimore, Michigan. As security for the loan, Plaintiff granted a mortgage on the property to nonparty Mortgage Electronic Registration Systems, Inc. ("MERS"). as nominee for Countrywide. Defendant BAC Home Loans Servicing, LP (BAC") serviced the loan. MERS assigned the mortgage to BAC.

On May 7, 2010, Plaintiff received a loan modification offer from BAC. (Compl. at ¶ 16). Plaintiff signed the modification documents and returned them as instructed. When

Plaintiff went to the local Bank of America branch to make a payment in July 2010, he was told by an employee that the payment could not be accepted. (Compl. at ¶ 20). He returned to the branch with the modification documents, and the branch manager processed the payment. (Id. at ¶ 21).

Plaintiff received a Notice of Intent to Accelerate letter dated July 26, 2010, which acknowledged receipt of the payment, but did not show that it was applied to the modified loan balance. (Compl. at ¶ 22). Tawfik contacted BAC's customer service department and was instructed to ignore the letter. (Id. at ¶ 23). He made payments from July through December 2010 at the Bank of America branch office, and the branch manager processed each payment. (Id. at ¶ 24). After each payment, Tawfik received another Notice of Intent to Accelerate. (Id. at ¶ 25). Plaintiff contacted the customer service department of BAC each time he received Notice and was told to ignore the letter because he had been accepted for a loan modification. (Id. at ¶ 26). BAC never requested further information, nor did it inform Plaintiff that it had rejected his loan modification. (Id. at ¶ 27).

On February 1, 2011, Plaintiff received a letter dated January 26, 2011, from Trott & Trott, P.C., informing him that it had received his loan for foreclosure and advising him that it had authority to enter into loan modifications. (Id. at ¶ 29). The letter tracked statutory language. It included the following:

> Within 14 days of the date of this notice, you may request a meeting with the agent designated above to attempt to work out a modification of the mortgage loan to avoid foreclosure by contacting a housing counselor from the list provided with this notice. You may also request a housing counselor to attend the meeting.

> If you request a meeting with the agent designated above by contacting a housing counselor from the list provided with this notice within 14 days of the date of this notice, foreclosure proceedings will not be commenced until 90 days after the date of this notice. For this provision to be applicable, the request for a meeting must be made **despite any independent loss mitigation options you may be pursuing with your lender**.

(Compl. at Ex. 5) (emphasis added).

Tawfik contacted Trott & Trott, and according to the Complaint, he was told to continue to work directly with BAC. (Id. at ¶ 31). Tawfik subsequently contacted BAC, but he was unable to speak to a supervisor for several weeks. Finally, a supervisor told Plaintiff that BAC had lost his modification, and he would have to reapply. (Id. at ¶ 33). Plaintiff details his contacts with BAC employees, his efforts to provide additional financial documentation, and alleges that in May 2011, he received a message from "Michelle" regarding his modification request. (Id. at ¶ 39). Tawfik was unable to contact Michelle. In the meantime, Trott & Trott published a foreclosure notice on May 2, 2011. (Compl., Ex. 6). Thereafter, BAC told Plaintiff the sale would be cancelled if all the required documents were provided.

In Count I of his Verified Complaint, Tawfik advances a breach of contract claim based upon the modification agreement with BAC. In Count II, Plaintiff seeks injunctive relief, enjoining BAC from foreclosing on the property based on the loan modification agreement and BAC's failure to comply with Mich. Comp. Laws § 600.3205c. In Count III, Plaintiff alleges a violation of Mich. Comp. Laws § 600.3205c in that he requested to meet with Defendant to discuss a loan modification, he was eligible, but Defendant refused to approve. Therefore, foreclosure by advertisement was unavailable to Defendant, who had to foreclose judicially.

BAC removed this action from Macomb County Circuit Court on June 14, 2011. The parties agreed that Plaintiff would pay $1,400.49 into escrow with the Court each month until resolution of this matter. (Doc. No. 3). Defendant subsequently moved for dismissal of the Verified Complaint.

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993). This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief." Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6). . .matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). A court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007).

4

### III. ANALYSIS

#### A. Breach of Contract

In Count I, Tawfik alleges that BAC breached the parties' contract when it sought to accelerate the balance of the modified mortgage and start foreclosure proceedings. (Compl. at ¶ 53.) Defendant contends the claim fails for either of two reasons: it is barred by the statute of frauds, and Plaintiff was the first to breach the agreement. The Court discusses both below.

##### 1. Statute of Frauds

The statute of frauds prohibits an action against a financial institution "to enforce any commitment to modify a loan "unless the promise is in writing and signed with an authorized signature by the financial institution." Mich. Comp. Laws § 566.132(2)(b). By the plain language of the statute of frauds, oral agreements or agreements unsigned by a financial institution that authorize a reduction in the repayment terms of a loan are unenforceable. The statutory language is "unambiguous." Crown Technology Park v. D & N Bank, FSB, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000). See also Cadle Co. II, Inc. v. P.M. Group, Inc., No. 275099, 2007 WL 3119569, at *2 (Mich. Ct. App., Oct. 25, 2007) (holding that where no authorized representative of the bank signed a modification or waiver, the alleged agreement to modify or waive the guaranty was unenforceable under § 566.132(2)).

In this case, the parties dispute whether the signed writing requirement is met. Plaintiff provides a letter attached to an offer to modify the loan. Plaintiff relies on the letter sent with the modification proposal. The letter provides, "This modification

5

agreement will not be binding or effective unless and until it has been signed by both you and BAC Home Loans Servicing, LP." (Compl. Ex. 2). Plaintiff adds that the fact that he does not have a copy of the signed agreement does not mean that Defendant did not sign it. He asks for discovery on this matter.

Plaintiff's claim arises out of an unexecuted loan modification offer. He does not allege that BAC signed the agreement. Exhibit 2 to his Complaint is unsigned by either party. Therefore, the claim, as alleged, is barred by the statute of frauds.

### 2. Failure to Perform

In the alternative, BAC argues that because Tawfik committed the first breach, he cannot maintain an action against BAC. Flamm v. Scherer, 198 N.W.2d 702, 705-06 (Mich. Ct. App. 1972). Specifically, Tawfik made a modified monthly payment of $1409.04, instead of the $1,495.10 called for in the modification agreement. The Court agrees that under these facts Plaintiff is prohibited under longstanding authority from bringing an action against BAC for a breach inasmuch as he committed the first breach, and his initial breach was substantial. Michaels v. Amway Corp., 522 N.W.2d 703, 707 (Mich. Ct. App. 1994). BAC expected to receive the agreed upon amount. See Able Demolition, Inc. v. Pontiac, 739 N.W.2d 696, 701 (Mich. Ct. App. 2007).

Plaintiff has requested leave to amend his complaint to add that the modification offer is a separate contract and to allege another cause of action based on "Defendant's business practices of mailing modification packages and letters. . .to homeowners and failing to provide persons situated such as Plaintiff with written acceptance or rejection of the Agreement within a reasonable amount of time." Tawfik has not attached a proposed

amended complaint to his Response, as required by E. D. Mich. LR 15.1, nor has Plaintiff stated any facts in his Response to support the viability of these claims. Accordingly, the Court agrees with Defendant that Plaintiff's breach of contract claim must be dismissed.

### B. Judicial Foreclosure

Next, Plaintiff alleges that BAC's initiation of foreclosure by advertisement violated § 600.3205c of the state statute, which sets forth a process by which a borrower may seek a mortgage loan modification. If the borrower complies with the statute, the mortgage loan holder must foreclose judicially. It reads in relevant part:

> If a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification.

Mich. Comp. Laws § 600.3205c(1). The statute further provides that when a borrower is eligible for a loan modification, the mortgage holder may not pursue foreclosure by advertisement unless it offers the borrower a modification agreement and the borrower fails to accept it within 14 days. See Mich. Comp. Laws § 600.3205c(7). If the mortgage holder nonetheless commences foreclosure proceedings in violation of this statute, the borrower may bring suit to "convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8).

According to BAC, Plaintiff failed to aver that he contacted a housing counselor, and that he obtained a loan modification agreement through the housing counselor. In fact, Tawfik admits that he did not contact an approved housing counselor, but contacted Trott & Trott directly. Even assuming that a Trott & Trott employee told Tawfik that he did not need a mediation because he was working with BAC directly, Plaintiff fails to show a

7

violation of the statute. Moreover, the letter clearly informed Tawfik that he was free to pursue relief with both BAC and Trott & Trott. Accordingly, the statutory obligations were not triggered, and there is no basis for Plaintiff's cause of action.

To the extent that Plaintiff contends that even though his complaint does not specifically allege that the contacted a housing counselor, this pleading inadequacy can be corrected by amending the complaint, the Court rejects his assertion. Tawfik acknowledges that he was instructed to contact Defendant's designated agent, Trott & Trott, directly in the January 26, 2011 letter. Although Tawfik also asserts that he was told to contact BAC directly, this direction does not contradict the letter from Trott & Trott. He was told he could do both. Although Plaintiff contends that the evidence will show that it is not necessary for a borrower to call a housing counselor prior to requesting the meeting, and that Trott & Trott has conducted thousands of meetings over the past two years, this assertion does not state a claim for a violation of the statute. He simply cannot bring a claim for statutory violation unless he has complied with the statutory requirements.

Because he has not stated a claim, Tawfik's request for injunctive relief under the statute is moot. See Mich. Comp. Laws § 600.3205c(8) (authorizing a court to enjoin the foreclosure by advertisement). Moreover, injunctive relief is not a cause of action; rather, it is a remedy. Terlecki v. Stewart, 754 N.W.2d 899, 902 (Mich. Ct. App. 2008).

**IV. CONCLUSION**

In sum, Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, the Court **GRANTS** Defendant's motion.

8

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date: December 13, 2011

## CERTIFICATE OF SERVICE

Copies of this Opinion and Order were mailed to and/or electronically filed to counsel of record on this date.

s/Bernadette M. Thebolt
Case Manager